**CABOT**
**MANTANONA LLP**
BankPacific Building, 2nd Floor
825 South Marine Drive Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

Attorneys for **Steven Salii**



FILED
DISTRICT COURT OF GUAM

DEC - 9 2005

MARY L.M. MORAN
CLERK OF COURT

### DISTRICT COURT OF GUAM
### TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No. CR-05-00048-002 |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| STEVEN SALII ) | **MOTION TO RECONSIDER** |
| ) | **DETENTION** |
| Defendant. ) | |

The defendant, Steven Salii, is currently awaiting trial for alien smuggling in violation of Title 8, United States Code, §1324(a)(2)(B)(ii), and Title 18, U.S.C. § 2, and Title 6, U.S.C. §§ 251 and 557 on December 5, 2004.

Title 18 U.S.C. §3142, governs release of persons awaiting trial and requires courts to detain those persons unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under bond or conditions. Mr. Salii asserts that there is clear and convincing evidence that he is not a flight risk or that he does not pose a danger to the community.

The Defendant was brought back from the Republic of Palau to face the charges in the District Court of Guam. The Defendant in this matter would like to return to Palau and would be willing to waive any extradition policies or any procedural requirements

United States of America vs. Steven Salii; CR-05-00048-002
Memorandum in Support of Motion to Reconsider Detention
page 2

to allow his return to Guam. Defendant Salii desires to return to Palau and work and support his family. Further, the Defendant has a brother who is an attorney in good standing in Palau[1] and willing to act as third party custodian. Further, the Court can keep the defendant's passport which would prevent him from leaving the Republic of Palau pending the defendant's trial. The Defendant believes that this would meet all objectives of guaranteeing the defendant's appearance at court, eliminate him being a flight risk, and a danger to the community. The Defendant's remainder and release here on Guam would encourage and result in hardship with defendant's family by his inability to help support them and allegedly to foreclosure of his house.

Mr. Salii is not a flight risk. In the alternative he has significant family ties to Guam. His brother[2] and other family members reside here on Guam. When released Mr. Salii will reside with his brother and his family at 199 B Banyan Hts, Barrigada, Guam, telephone number 632-4694.

Mr. Salii also asserts he is not a danger to the community. Title 18 U.S.C. § 3142 and 3143 do not provide a bright-line answer to what constitutes "danger" to the community. However, Congress did not declare that the community is entitled to assurances of freedom from all harm and a court cannot detain a defendant on the mere apprehension of danger of harm. Rather, the court's inquiry must focus on whether by

---

[1] Carlos Salii Esq.

[2] The defendant is actually the potential 3rd party custodian's nephew, the son of the custodian's sister. The defendant was raised by the custodian's parents and as his brother. In the Palauan culture he is recognized as his brother similar to the Chamorro culture's relationship of "Poksai".

United States of America vs. Steven Salii; CR-05-00048-002
Memorandum in Support of Motion to Reconsider Detention
page 3

conditions of release the community can <u>reasonably</u> be assured of safety. In this case, the Court can feel secure the community is not at risk should Salii be released. Conditions of release can certainly be fashioned that will ensure the protection of the community.

This court has many options other than trial incarceration. It can order daily appearances before pretrial services, electronic monitoring or other forms of curfew, full-time employment, third-party, drug testing, bail, and/or property bond. In the instant case, this Court can also order a third party custodian and that Salii reside with his third party custodian.

Moreover, there are many sanctions available to the court should Salii fail to comply with the terms and conditions of his supervised release. Under 18 U.S.C. § 3146, Salii can be given a prison sentence apart from and consecutive to the sentence Salii will receive as a result of the underlying offense. To secure a conviction under section 3146(a)(1), the government must simply prove that the defendant has been released on bail pending trial or sentencing, that the defendant was required to appear before a court, and that the defendant knowingly and willfully failed to do so.

In addition, under 18 U.S.C. § 3147, if the defendant commits a crime while on release, he will receive a sentence **consecutive** to the underlying offense. Section 3147 is designed to deter those who would pose a risk to community safety by committing another crime when released and also to punish those who indeed are convicted of another offense.

United States of America vs. Steven Salii; CR-05-00048-002
Memorandum in Support of Motion to Reconsider Detention
page 4

Hence, this Court has at its disposal two highly effective statutes designed to deter person from failure to appear and from committing offense while on release. Salii is fully aware of these sanctions, and respectfully submits this Court will not have to use them if Salii is released on appropriate conditions.

## CONCLUSION

Mr. Salii asserts that he is not a flight risk or danger to the community and respectfully request that this Court releases him upon terms and conditions this Court deems appropriate.

Dated: 12/8/05

CABOT MANTANONA LLP

By: _____
RAWLEN M T MANTANONA, ESQ.