**CABOT**
**MANTANONA LLP**
BankPacific Building, 2nd Floor
825 South Marine Drive Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

**Attorney for Steven Salii**



FILED
DISTRICT COURT OF GUAM

MAR -2 2006

MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | ) | CRIMINAL CASE NO. CR-05-00048-002 |
| vs. | ) | **DEFENDANT'S PROPOSED VOIR DIRE INSTRUCTIONS** |
| STEVEN SALII, | ) | |
| Defendant. | ) | |

COMES NOW, Defendant Steven Salii, by and through counsel, Mantanona Law Office, A Professional Corporation, by Rawlen M T Mantanona, Esq., and hereby request the court include the attached questions in its general voir dire of the jurors prior to the requested attorney conducted voir dire in order that the defense may effectively exercise its challenges for cause and peremptory challenges.

Dated this 1 day of MAR, 2006.

CABOT MANTANONA LLP

By: _____
RAWLEN M T MANTANONA, ESQ.

## I. PERSONAL BACKGROUND

1. Will each of you please state your name; where you live; marital status; your occupation, if retired, your previous occupation; your spouse's (or former spouse's) occupation, if retired, previous occupation; names and ages of your children, if any:

## II. MEMBERSHIP IN ORGANIZATIONS DEVOTED TOWARDS FIGHTING OR PREVENTING CRIMES

1. Is there anyone here who had been, or is a member of, or has a family member or close friend who had been or is a member of the following organizations:

- Crime Stoppers;
- Victim Advocates Reaching Out (VARO);
- Any organizations for the benefit and protection of children

## III. LAW ENFORCEMENT AGENCIES

1. Is there anyone here who has or is working for, or has had or has a family member or close friend working for the following agencies:

- United States Attorney's Office;
- Federal Bureau of Investigation (FBI);
- Drug Enforcement Agency (DEA);
- Department of Treasury;
- Tobacco, Alcohol and Firearms Bureau;
- United States Customs Services;
- United States District Court of Guam;

- United States Probation Office;
- United States Bureau of Prisons;
- Office of the Attorney General of Guam;
- Guam Police Department;
- Guam Department of Corrections;
- Guam Parole Board;
- Guam Customs Services;
- Superior Court of Guam;
- Guam Police Reserve.

2. You are not going to give any more weight to the arguments of the Government's attorney than to the defense attorneys merely because they bear the impressive title of office of the Attorney General, Government of Guam, are you?

3. Do you have any sympathy or prejudice against the Defendant or the People in this case?

4. Would any of you tend to give greater weight or credibility, no matter how small, to the testimony of a Guam Police Department Officer or prosecution witness simply because they are employees of, or are testifying on behalf of the People? Would you give their testimony greater weight or credibility over that of the defendant, or witnesses on his behalf? U.S. vs. Baldwin, 607 f.2d 1295 (9th Cir. 1979). Do you believe that police officers are human just like you and me? By that I mean, do you believe they are subject to the same human weaknesses as you and I?

5. Do you feel that under certain circumstances, a police officer could make a mistake, maybe even a serious mistake?

6. Do you think it is the obligation of the police officer to investigate all the evidence or just to find evidence until they feel that they can prove someone is guilty?

7. Do you think a police officer should be working for the prosecution, or do you think a police officer is an objective gatherer of facts?

8. If the testimony revealed that the police officer had erred or used improper judgment or had not made a complete investigation, how would you react to such testimony?

### IV. COURTROOM EXPERIENCE

1. Is there anyone here who has been involved in a criminal case as a:

a. Victim of a crime;

b. Witness to a crime. Even if you did not testify in court;

c. Testified in a criminal case, either at a Grand Jury proceeding or criminal trial in court;

d. Interviewed in connection with a criminal case. If so, by whom and when?

2. Have any of you ever sat as a juror in a criminal case? If so, when? What type of case? And did you reach a verdict?

3. Have any of you ever served on a grand jury? If so, when and where?

4. Have you or any members of your family or friends been a victim of a crime, witness to a crime or a defendant? If so, please explain.

5. Have any of you, or any members of your immediate family or close personal friends, ever been a party to or testified in a civil or criminal trial or grand jury? If so, please explain.

6. Is there anything about the nature of the charges that would make it difficult for you to be fair and impartial as a judge of the facts? Influence your judgement in this case?

## V. LEGAL PRINCIPLES

1. Do you agree with the fact that an indictment is merely a device for setting in motion the presentation of a case to the jury for your individual determination of a person's innocence or guilt; that it is not evidence and certainly not proof and that no unfavorable inference may be drawn against a person merely because he or she is charged with a crime?

2. Do you understand that you must give the defendant the presumption of innocence without any mental reservations whatsoever and that you are to consider this presumption of innocence as actual proof of innocence until it is overcome by proof of guilt beyond a reasonable doubt.

3. The proof in a criminal case to establish the guilt of any person must be beyond a reasonable doubt. The burden of proof beyond a reasonable doubt rests with the prosecution. Do you understand the prosecution has to prove each and every element of an offense to a moral certainty and beyond a reasonable doubt?

4. Do you realize that the burden of proof is greater for a criminal case than for a civil case? The proof to establish the guilt of any person must be beyond a reasonable doubt.

5. Do you understand that in a criminal case a defendant is not required to explain his or her side of the case since the burden of proof does rest with the prosecution?

6. Do you accept that it is not our responsibility to prove Steven Salii is innocent? In other words, it is not Steven Salii's duty to prove himself innocent; he doesn't have to prove anything to you, isn't that right?

Do you feel that it is possible that persons who are charged with a crime could be innocent rather than guilty?

7. Would some of you feel that you had not heard "both sides of the story" if you had not heard Steven Salii testify on his own behalf?

8. If, after you have heard the evidence, you weren't convinced but you thought the evidence showed the defendant may possibly be guilty–would you nevertheless be able to return a verdict of not guilty in this case?

9. do you realize that you are the sole and exclusive judges of the facts and are to judge this case solely on the evidence before you and not allow the fear of later criticism to affect you verdict?

10. Would any of you change your verdict if a majority of the other jurors believed that the defendant was guilty and you were in the minority believing there was a reasonable doubt?

11. If you are chosen as juror in this case, will you stand by your own individual analysis of the evidence and not be swayed by any emotion of the other jurors? You should be swayed by the facts, but will you stand on your own individual judgment if you are chosen as a trial jury and not let emotions persuade you one way or the other?

12. Assuming that you were picked as a juror in this case and you brought in a verdict of not guilty, would you find it embarrassing if the neighborhood or area that you were living in somehow found out about your decision?

13. Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case? If there is, it is now your duty to disclose this.

14. You will find out that the defendant charged is from Palau, Micronesia and that the government witnesses are Chinese. Do you understand that you are not to consider their race or place of origin in deciding the credit ability of their testimony.