**CABOT**
**MANTANONA LLP**
BankPacific Building, 2nd Floor
825 South Marine Drive Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

Attorneys for **Steven Salii**



FILED
DISTRICT COURT OF GUAM

MAR -3 2006

MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No. CR-05-00048-002 |
| ) | |
| vs. ) | **DECLARATION OF COUNSEL** |
| ) | **IN SUPPORT OF MOTION** |
| STEVEN SALII ) | **FOR THE TAKING OF DEPOSITION** |
| ) | **PURSUANT TO RULE 15 OF THE** |
| Defendant. ) | **CRIMINAL PROCEDURE** |
| ) | |

I, RAWLEN M. T. MANTANONA, hereby declare as follows:

1. On November 23, 2005 the Declarant hereinafter referred to as "Declarant" was appointed to represent Defendant Steven Salii in the above captioned case.

2. Upon review of the discovery provided to Declarant, Declarant identified potential witnesses which will be beneficial and essential for the preparation of the defense's case. These witnesses Martha Marcel and Sadaria Lirow are citizen's of the Republic of Palau. Further, witnesses are employees of Continental Airlines Palau. It was critical that Declarant needed to interview these individuals which would require traveling to the Republic of Palau.

3. Declarant on December 30, 2005, filed a motion in the District Court of

U.S.A. vs. Steven Salii
CRIMINAL CASE NO. 05-00048-002
Declaration of Counsel in Support of Motion for the Taking of Deposition
Pursuant to Rule 15 of the Criminal Procedure
page 2

Guam for a permission to travel to the Republic of Palau, a foreign nation to investigate and to interview the potential defense witnesses in this case. Both parties also stipulated to continue the trial to allow Declarant ot prepare the defense.

4. On January 9, 2006, the motion was heard before the Honorable Donald W. Molloy, designated Judge District Court of Guam, who granted Defendant's motion to travel and to investigate the matter.

5. Declarant and his investigator Mr. Greg Hall on January 31, 2006, traveled to the Republic of Palau to interview the two (2) main defense witnesses in this matter Martha Marcel and Sadaria Lirow.

6. Upon arrival Declarant and Defendant's Palauan counsel tried to initiate contact with the individuals through their employers Continental Airlines. Counsels were advised that Continental would not permit their employees to meet with us or discuss the matter. Further, that Continental would be enforcing their employee privacy agreements. Thus, counsels and investigator were unable to interview the two (2) individuals.[1] Declarant was advised by Continental, Palau that if he still wanted to interview these individuals he should submit a list of written questions for the review and approval by Continental's Legal Counsel in Houston. If approved Continental would allow us to meet with the employees. Declarant was advised this could not be done expeditiously.

7. Fortunately, Declarant and his investigator as they were leaving Palau

---

[1] Declarant advised the court of their inability to conduct their investigation and interview in Defendant Salii's second motion for permission to travel and conduct investigation off island filed February 7, 2006.

U.S.A. vs. Steven Salii
CRIMINAL CASE NO. 05-00048-002
Declaration of Counsel in Support of Motion for the Taking of Deposition
Pursuant to Rule 15 of the Criminal Procedure
page 3

ran into one of the potential witness, Sadaria Lirow at the airport. She stated that she does not remember that exact date or persons. She stated just moved back to Palau after living for several years in the Federated States of Micronesia. Ms. Lirow indicated that she did not know Mr. Salii or ever met him. She stated she had been a Continental employee for over twenty (20) years and would not risk her job. She stated would never do a favor for anyone which would break the law or risk her career.

8. On February 13, 2006, Declarant drafted a letter to Continental's Legal Counsel with the necessary questions to be posed to the Continental employees. Declarant waited and hoped for a timely response by Continental Airlines. The letter is attached and incorporated as Exhibit "A".

9. Also on February 13, 2006, defense counsel filed a second motion to travel to Palau for his investigator to travel to Palau to more thoroughly interview both these critical witnesses. The magistrate's court on February 16, 2006, heard and granted the defendant's motion to travel with the condition that Continental approves the interview.

10. After not receiving any response from Continental Airlines, Declarant was notified by the defendant's Palauan counsel in an effort to assist he stated that he would assist by deposing under the Palauan case and under Palauan the Continental witnesses. Declarant was aware that the Federal District Court in the United States does not have the power to compel the appearance of a citizen of the Republic of Palau. Declarant had no objection to the taking of the deposition since it was intended to further the investigation. At the time, it was not intended to be used as a substitute for trial

U.S.A. vs. Steven Salii
CRIMINAL CASE NO. 05-00048-002
Declaration of Counsel in Support of Motion for the Taking of Deposition
Pursuant to Rule 15 of the Criminal Procedure
page 4

testimony. The depositions where set for March 3, 2006, at 9:00 a.m. in the Supreme Court of Palau Conference Room. The Palau depositions were always for the purpose of investigation unless agreed upon the United States government. Declarant on February 23, 2006, then inquired from the assigned Assistant United States Attorney Ms. Johnson in this matter if she would agree and want to participate in the deposition taken. Ms. Johnson said that she would oppose in such depositions and would not want to participate in the depositions.

11. On February 27, 2006, Declarant received a phone call from Continental Airlines Legal Counsel in Guam, David Ledger of Carlsmith Ball LLP. Attorney Ledger clarified Continental's position in regards to contacting their employees. Continental Airlines takes the position that they will not facilitate or assist in producing employees for questions in any of these matters. Continental Airlines position also is that they will not stop the contacting of those individuals to interfere with contacting those individuals on their own time if initiated by the parties. Further, that the matter is personal and the employees can decide on their own what to do.

12. I was further advised by Continental Counsel Attorney David Ledger that the United States government had served two (2) subpoenas Continental employees, one being Martha Marcel, a Palauan citizen. Mr. Ledger asserted Continental Airlines mistakenly served Ms. Marcel. Mr. Ledger further stated Ms. Marcel would appear. I inquired from Ms. Johnson why she did not produce Ms. Lirow and she stated that she decided not to bring Ms. Lirow because she would be in a position to assert her Fifth

U.S.A. vs. Steven Salii
CRIMINAL CASE NO. 05-00048-002
Declaration of Counsel in Support of Motion for the Taking of Deposition
Pursuant to Rule 15 of the Criminal Procedure
page 5

Amendment Rights.

13. Declarant then tried to serve witness Lirow in the same manner but Continental would not accept the service of subpoena by defendant Salii.

14. After my conversations with Attorney Ledger, I communicated with the defendant's Palaun counsel to notify him that Continental was going to allow us to try to meet with their employees and if he could interview them and that the depositions would not be necessary especially for Martha Marcel. Further, to inquire if Ms. Lirow would be willing to come to Guam.

15. Assistant U.S. Attorney Johnson notified me on March 2, 2006 she had received notice that Martha Marcel was going to be deposed by Palauan counsel. I have informed Ms. Johnson that I was not doing the depositions but more importantly, Ms. Marcel according to my conversation with the defendant's Palauan counsel was not going to be deposed by Palauan Counsel.

16. On March 2, 2006, I informed her by Palauan counsel that he was not going to take the deposition of Ms. Marcel. Further, that the Attorney General for Palau moved to quash the subpoena for all the witnesses and that he would not object. In regards to witness Lirow, Defendant Salii wanted Lirow to willingly appear.

17. Declarant was advised on March 3, 2006 by defendant's Palauan counsel that he had contact Ms. Lirow but Ms. Lirow was hesitate to return to Guam. Palauan counsel advised me that Ms. Lirow was intimidated by the Federal Justice system and she does not want to be involved or participate in this matter. Declarant believes that Ms.

U.S.A. vs. Steven Salii
CRIMINAL CASE NO. 05-00048-002
Declaration of Counsel in Support of Motion for the Taking of Deposition
Pursuant to Rule 15 of the Criminal Procedure
page 6

Lirow is not represented by counsel and has not been advised of her rights.

18. Declarant believes that the importance of the testimony of witness Lirow is vital to defense of Steven Salii. Declarant has tried and has exhausted any and all legal remedies to produce the appearance and testimony of Ms. Lirow in Mr. Salii's trial. It was never Declarant's intention to compel Ms. Lirow's testimony by deposition pursuant to Rule 15 but Declarant has no other resort but to move for witness Lirow's deposition.

I declare under penalty to perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: **3/3/06**

CABOT MANTANONA LLP

By: _____
RAWLEN M T MANTANONA, ESQ.

# CABOT
# MANTANONA LLP

Attorneys at Law

Cesar C. Cabot, Esq.
Rawlen M.T. Mantanona, Esq.
David W. Hopkins, Esq.
Theodore S. Christopher, Esq.

February 13, 2006

Continental Airlines
Management
P.O. Box 367
Palau 96940

Continental Airlines Head Quarters
Legal Counsel
P.O. Box 4607
Houston, Texas
7720-4607

Re: **U.S.A. vs. Steven Salii**
**Criminal Case No. CR-05-00048**

Dear Ladies and Gentlemen:

I am the court appointed counsel for defendant Steven Salii in U.S.A. vs. Steven Salii Criminal Case No. CR-05-00048 being prosecuted in the Federal District of Guam. As you may be aware, Mr. Salii is being accused of smuggling a Chinese National from the Republic of Palau into the Territorial of Guam, United States soil.

On January 31, 2006, I traveled to the Republic of Palau with my investigator Mr. Grey Hall to interview two (2) Continental employees Ms. Sadaria Lirow and Ms. Martha Marcil. I was prevented from interviewing both of these individuals pursuant to orders from Continental's Legal Counsel in Houston. I was advised to submit a letter of questions in which I intended to ask the employees and I am submitting them today.

I would like to personally state that I believe it is very important for these individuals to be interviewed and their statements to be taken. Further, I believe it is in the best interest of Continental to assist their employees in clearing their name in this matter. The government's theory as evidence by its letter of December 1, 2005 to me (enclosed herein) is that your employees cooperated with my client to smuggling the alien and possibly more defendants into Guam. Their basic theory is the fact that the supposed smuggled individual does not look like the person in the photo of the person in the passport. The

DEFENDANT'S EXHIBIT A

government takes the position thus, that they must of done it "<u>intentionally</u>". The government fails to understand that all agents review hundreds of passports a day and they do their best but that mistakes are made. Further, our investigation indicates that my client and the ticket agent do not even know each other. Thus, why would your agent risk her job, career, good name and particularly serve a prison sentence for an individual she does not know. The government's basic theory is that this is a part of "island culture" "to turn your back". I personally as an islander fine that this is insulting, offensive and needs to be countered in court. The smuggled person, a previously excluded person facing a mandatory jail sentence asserts my client spoke to the agent and the employee did not look at the passport.

Thus, I am soliciting your cooperation in interviewing your employees and potentially having them appear in court testifying at the trial as to their role in this case. I do not believe that they did not intentionally approved the smuggling and that it was an error. Future, that they were not working in cooperation with my client or any other persons in regards to smuggling aliens into Guam.

The following list of questions will be asked to the employees:

**Sadaria Lirow:**

1. Do you know Steven Salii?
2. If you do know Steven Salii, how do you know him?
3. How close would you rate your relationship with Mr. Salii?
4. How long have you been employed with Continental Airlines?
5. Are you aware that it is illegal to not check the passport and allow those individuals on the airlines?
6. Do you know that it is against the law to assist another individual in helping another individual to improperly enter the United States?
7. Do you remember the incidents that you were alleged to have been involved in?
8. Would you do a favor risking your job, name, career and breaking the law for a friend?
9. Would you do the same for a stranger?

**Martha Mercil:**

1. Same As Above
2. Same As Above
3. Same As Above
4. Same As Above
5. Did Steve come in before the office closed.
6. Was there other customers in the office

7. Is it legal for a person to buy a ticket for another person?
8. Did Steve say why he was buying the passport?
9. Did Steven show you the passport of the person he was buying the ticket?
10. Did he ask you if it was okay?
11. Did he ask you if she needed a visa?
12. Did he ask you to do any improper?

If you have any questions regarding the contents of this letter, please do not hesitate to contact me at my office.

Sincerely,

CABOT MANTANONA LLP

RAWLEN M T MANTANONA, ESQ.

Enclosure

RMTM:cm