CABOT
MANTANONA LLP
BankPacific Bldg., Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

FILED
DISTRICT COURT OF GUAM
MAR - 3 2006
MARY L.M. MORAN
CLERK OF COURT

Attorneys for **STEVEN SALII**

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No. CR-05-00048-002 |
| ) | |
| vs. ) | **MEMORANDUM OF POINTS AND** |
| ) | **AUTHORITIES IN SUPPORT OF MOTION** |
| STEVEN SALII ) | **FOR DEPOSITION AND CONTINUANCE** |
| ) | **OF TRIAL** |
| Defendant. ) | |
| ) | |

Rule 15(a), Fed. Rules Crim. Pro., states in part: "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice."

In <u>United States v. Sindona</u>, 636 F.2d 792, 803 (2d Cir. 1980), the court affirmed an order for foreign depositions under Rule 15(a):

> None of the four witnesses were subject to subpoena. Moreover, as the Government had informed the court in its motion, two of the prospective witnesses had specifically refused to come to the United States as of January 11. In addition, the remaining two witnesses, Binda and Uglietti, had not yet obtained the necessary travel documents on that date. Thus, there was ample reason to fear that all four witnesses would fail to appear at the trial.

See also <u>Territory of Guam v. Ngirangas</u>, 806 F.2d 895, 898 (9th Cir. 1986)(reversing conviction where trial court had denied motion for deposition and holding that "as a matter of law under the facts of this case, the trial court judge should have allowed the taking of the deposition").

In the present case, the accompanying affidavit of counsel sets forth facts supporting an order for the deposition of Sadaria Lirow.

The deposition will require a continuance of the trial presently scheduled for March 7, 2006. "[A] four factor test" guides the analysis of whether a court should grant a continuance:

> [1] the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing ... [2] how likely it is that the need for a continuance could have been met if the continuance had been granted ... [3] the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses ... [4] the extent to which the appellant might have suffered harm as a result of the district court's denial.

United States v. Rivera-Guerrero, 426 F.3d 1130, 1138-39 (9th Cir. 2005)(reversing denial of continuance).

In United States v. Hutchison, 22 F.3d 846, 849-50 (9th Cir. 1993), abrogation on other grounds recognized in United States v. Nash, 115 F.3d 1431 (9th Cir. 1997), the district court continued the trial to allow the deposition of the Bank of England, which had refused to send a representative to testify at trial. The Ninth Circuit affirmed a finding that the continuance resulted in excludable time under 18 U.S.C. §3161(h)(8)(A) and therefore did not reach the additional argument that excudable time was also justified under §3161(h)(3)(A) due to the unavailability of an essential witness.[1]

---

[1] 18 U.S.C. §3161(h) states: "The following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence: ... (3)(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness. (B) For purposes of subparagraph (A) of this paragraph, a defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. *For purposes of such subparagraph, a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial* .... (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy

The accompanying Affidavit of Counsel set forth facts supporting a continuance of the trial.

For these reasons, the court should grant Mr. Salii's motion for deposition and continuance of trial.

DATED this 3 day of March, 2006.

CABOT MANTANONA LLP
Attorneys for Defendant

By: _____
RAWLEN M.T. MANTANONA, ESQ.

TSC:km
Salii, Steven\NTC. OF MTN. AND MTN. FOR DEPO&CONT. OF TRIAL

---

trial. (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows: (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section .... (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence" (emphasis added).

3