**CABOT MANTANONA LLP**
BankPacific Building, 2nd Floor
825 South Marine Drive Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

FILED
DISTRICT COURT OF GUAM

JUN 19 2006

MARY L.M. MORAN
CLERK OF COURT

Attorneys for **Steven Salii**

**DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>vs.<br>STEVEN SALII<br>Defendant. | **Criminal Case No. CR-05-00048-002**<br><br>**DEFENDANT STEVEN SALII'S LIST OF EXHIBITS** |

COMES NOW, Defendant STEVEN SALII, through counsel, Cabot Mantanona LLP by Rawlen M T Mantanona, Esq., and hereby submits his List of Exhibits for the March Trial of the above entitled matter.

Dated: 6/19/06

CABOT MANTANONA LLP

RAWLEN M T MANTANONA, ESQ.

ORIGINAL

## DEFENDANT SALII'S EXHIBIT LIST

| No. | Exhibit Description |
| --- | --- |
| Exhibit A | Plea Agreement for Yan Qiu in Criminal Case No. 04-00057 |
| Exhibit B | Plea Agreement for Dan Zhu in Criminal Case No. 05-00048 |
| Exhibit C | Defendant Salii's Ticket Stub and Itinerary |

Qiu.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

COPY

US Attorney's Office
Districts of Guam & NMI
MAR 02 2006
Time 2:30
Receiving name
Date keyed in Dbase
Entered into Dbase by:

FILED
DISTRICT COURT OF GUAM
DEC 30 2004
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

UNITED STATES OF AMERICA,
Plaintiff,
vs.
YAN QIU,
Defendant.

CRIMINAL CASE NO. 04-00057

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, YAN QIU enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count I of an Indictment charging her with Misuse of a Passport, in violation of Title 18, United States Code, § 1544. The government will move to dismiss Count II upon sentencing.

2(a) The defendant, YAN QIU, understands that the maximum sentence for Misuse of a Passport in violation of Title 18, U.S.C. §1544 is a term of ten (10) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the

//

DEFENDANT'S
EXHIBIT
A

term of supervised release and sentence her up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

2(b) If defendant pleads guilty pursuant to this plea agreement, the government will recommend that defendant receive the minimum term of incarceration recommended by the ~~Sentencing Guidelines.~~

2(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Misuse of a Passport as charged pursuant to 18 U.S.C. § 1544, the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant willfully and knowing used or attempted to use a passport which was issued or designed for the use of another; and
>
> Second: at the time she used or attempted to use this passport, she knew it was issued or designed for the use of another..

4. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born August 1, 1985, and is a citizen of the People's Republic of China.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable Guidelines range.

(c) On February 9, 2004, defendant had attempted to enter the United States at the Dulles Airport, Washington, D.C. by presenting a passport issued to a Singapore citizen, Bao Yu Chen. She was arrested, convicted of Misuse of a Passport in violation of 18 U.S.C. § 1544, and removed from the United States.

On December 5, 2004, defendant arrived on Guam on a flight from Palau. She attempted to enter the United States by presenting a passport designed and issued for another person, Singapore passport # S7719762D in the name of Fu Yuk Ching. Defendant knew she did have the right to use this passport. Defendant knew she did not have the consent of the Attorney General of the United States to reapply for admission and to enter the United States.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

5. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. She agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from her conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

//
//

6. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) Her right to be represented by an attorney;

(c) Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

(d) That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

(g) That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense;

//

//

//

//

(i) That this plea agreement has been translated into her native language and she fully understands it.

DATED: 12/28/04

YAN QIU
YAN QIU
Defendant

DATED: 12/28/04

Richard Parker Arens
RICHARD PARKER ARENS
Assistant Federal Public Defender
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 12-30-04

By: Frederick A. Black for
KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 12/30/04

for Joseph F. Wilson
RUSSELL C. STODDARD
First Assistant U.S. Attorney

danzhuple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
DEC - 1 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

UNITED STATES OF AMERICA,
Plaintiff,
vs.
DAN ZHU,
Defendant.

CRIMINAL CASE NO. 05-00048

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, DAN ZHU, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Indictment charging her with Alien Smuggling for Commercial Gain in violation of Title 8, United States Code, § 1324(a)(2)(B)(ii).

2(a) The defendant, DAN ZHU, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of alien smuggling and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense(s) to which she is



pleading guilty. Cooperation will also include complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any criminal schemes of which she does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular as provided in Paragraph 9, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during her cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

3. The defendant, DAN ZHU, understands that the maximum sentence for Alien Smuggling for Commercial Gain a term of ten (10) years imprisonment, with a mandatory minimum term of three (3) years incarceration, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

(b) If defendant cooperates as set forth in Paragraph 2, the government will recommend that defendant receive the statutory minimum term of incarceration.

(c) If the United States believes the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1, the United States will request the court to depart below the statutory minimum pursuant to Title 18, United States Code, § 3553(e), and may, as provided by Sentencing Guidelines 5K1.1, request the court to depart below the applicable guidelines range when fixing a sentence for defendant or may, within one year after sentencing herein, move the court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever guidelines range or sentence of incarceration the United States in its sole discretion deems appropriate. Defendant acknowledges that the United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Defendant further acknowledges that no promise of any kind has been made that a motion requesting such departure will be made except as otherwise provided herein.

The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U. S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the mandatory statutory minimum or the applicable Guidelines sentencing range:

(1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

(3) the nature and extent of defendant's assistance;

(4) any injuries suffered or any danger or risk of injury to defendant or her family resulting from any assistance provided by defendant; and

(5) the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

(d) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Alien Smuggling for Commercial Gain as charged pursuant to 8 U.S.C. § 1324(a)(2)(B)(ii), the government must prove each of the following elements beyond a reasonable doubt:

First: the defendant brought or attempted to bring a person who was an alien into the United States;

Second: the defendant knew or was in reckless disregard of the fact that the alien had not received prior official authorization to come to, enter or reside in the United States; and

Third: that the defendant did this offense for the purpose of commercial advantage or private financial gain.

5. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1963, and is a citizen of the People's Republic of China.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) Defendant agreed with alien smugglers in China to assist Yan QIU, a citizen of China, to illegally enter the United States. Defendant was paid for her services. Defendant met Qiu in Guangzhou and traveled with her to Hong Kong. Defendant gave Qiu a PRC passport in the name Ruo Zhu ZHOU, which she used to enter Hong Kong. Defendant and Qiu traveled to Palau, with Qiu using the passport in the name of Zhou. Qiu resided with the defendant for about a month in Palau. Defendant ~~then~~ had provided Qiu with Singapore passport # S7719762D in the name Yuk Ching FU. Defendant enlisted the assistance of a Palauan, Steve Salii, who took the Singapore passport to the Continental ticket office in Palau and booked tickets for himself and Qiu, using the name Yuk Ching Fu in the Singapore passport, to travel to Guam. On December 5, 2004, defendant drove Qiu to the airport and waited until she had obtained a boarding pass, which was issued in the name Yuk Ching Fu. Qiu boarded the flight to Guam and arrived there later the same day. Defendant knew that Qiu had no authorization to enter the United States.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

6. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of

her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

7. Defendant understands that whether she has completely fulfilled all of the obligations under this agreement shall be determined by the sentencing court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

8. The defendant understands that her sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right she may have to any speedy sentencing and hereby agrees to any continuance of her sentencing date as it may become necessary.

9. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. She agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that

she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

10. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) Her right to be represented by an attorney;

(c) Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

(d) That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

(g) That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense;

(i) This plea agreement has been translated into defendant's native language and she fully understands it.

DATED: ____________

ZHU DAN [signature]
DAN ZHU
Defendant

DATED: 11-28-05

[signature]
WILLIAM L. GAVRAS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 11/30/05

By: [signature]
KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 11-30-05

[signature]
RUSSELL C. STODDARD
First Assistant U.S. Attorney

© 2003 Continental Airlines, Inc.

ASK YOURSELF...

WINDOW OR AISLE?

Check in and print your boarding pass at continental.com.

Continental Airlines

Work Hard. Fly Right.

For reservations, call Continental at 1-800-523-FARE or your travel agent.

continental.com

Continental Airlines

Work Hard. Fly Right.

DEFENDANT'S EXHIBIT

UDHM67
1. 1SALII/STEVEN
1 CO 954S 05DEC SU RORGUM HK1 1235A 450A
2 CO93116 08DEC WE GUMSPN HK1 700A 750A
3 CO96058 08DEC WE SPNGUM*HK1 525P 615P
4 CO 9538 08DEC WE GUMROR*HK1 740P 840P
FONE-
1.ROR488-2431/H000
2.ROR488-2651/H000
TLT-430P/03DEC
RMKS-
1.HADV PAX TO WRITE LTR TO GUMOP TO EXPDTE PIN..SO PENDING
2.SUCH LTR..TO BE FAXED TO GUM..
#>

*** ONEPASS ACCOUNT ST670862 *** CURRENT BAL: 24210 ***
*MR STEVEN R SALII NO ELITE STATUS
*KOROR
*PO BOX 941 ACCOUNT STATUS: A
*
*PALAU PW 969400842
COUNTRY: USA HOME #: 680 488 2431
DATE ENROLL:93/01/21 DTE LAST FLT:03/11/01 BUS #: 000 000 0000
ELITE MILES: 0 ELITE SEGS: 0
NO PRESIDENT*S CLUB STATUS

*
>

[illegible]DEC04

| | USD FARE | TAX-USD | TAX-USD | USD TTL |
|---|---|---|---|---|
| [illegible] | 584.00 | 2.50 AY | 17.86 XT | 604.36 |
| | 584.00 | 2.50 | 17.86 | 604.36 |

[illegible] 015.00 277.00BFLEX CO ROR 015.00 277.00BFLEX

[illegible] 1QE1.00XT7.00XY6.26BU XF4.50[illegible]4.5

Continental Airlines

[illegible] NOT VALID FOR TRAVEL[illegible]

| FROM | TO | AIRLINE | FLT | DATE | TIMES |
|---|---|---|---|---|---|
| [illegible] | [illegible] | CONTINENTAL AIRLINES | 956 | 03DEC | DEP 1205A |
| [illegible] CLASS | AIRPORT CHECK IN | | | | |
| OPERATED BY | ** CONTINENTAL MICRO | | | | ARV 455A |
| [illegible] | [illegible] | CONTINENTAL [illegible] | [illegible] | 08DEC | DEP 700A |
| [illegible] CLASS | AIRPORT CHECK IN | | | | ARV 730A |
| [illegible] | [illegible] | CONTINENTAL CONNECTION | 8805 | 08DEC | DEP 525P |
| [illegible] CLASS | AIRPORT CHECK IN | | | | ARV 615P |
| [illegible] | KOROR PALAU | CONTINENTAL AIRLINES | 95[illegible] | 08DEC | DEP 700P |
| [illegible] CLASS | AIRPORT CHECK IN | | | | |
| [illegible] | ** CONTINENTAL MICRO | | | | ARV 945P |

THANK YOU FOR CHOOSING CONTINENTAL

Continental Airlines

SALES STATION

** ITINERARY **

FOR CONTINENTAL RESERVATIONS INFORMATION CALL 1 800 [illegible]

A708

| USD | TAX-USD | TAX-USD | USD TTL |
|---|---|---|---|
| 584.00 | 2.50 AY | 17.86 XT | 604.36 |
| 584.00 | 2.50 | 17.86 | 604.36 |

1 - PSGR 1 ATR

03DEC04 ... CO GUM 015.00 277.00BFLEX CO ROR 015.00 277.00BFLEX

...584.00... XY6.36GU XF4.50RUM4.5

Continental Airlines

PASSENGER RECEIPT

THIS TICKET SHALL EXPIRE ONE YEAR FROM DATE OF ISSUE

03DEC04

STEVEN

KOROR

PW

[illegible] **DETAIN THIS RECEIPT**

**[illegible]**THROUGHOUT YOUR JOURNEY**

UDHM67

AY 7.50

Continental Airlines

KOROR PALAU IS

GUAM IS SW PAC

SAIPAN

GUAM IS SW PAC

KOROR PALAU IS

************************

NOT VALID FOR TRAVEL

...clusive of ...h special ...the United ...sengers is ...ffices of ...ually be ...affected ...special ...surance ... airline's ...declared ...able or

TJCC (09/03)