

FILED
DISTRICT COURT OF GUAM
JUL -3 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>-vs-<br>STEVEN SALII,<br>　　　　　Defendant. | NO.　CR-05-00048-2 |

---

PRELIMINARY INSTRUCTIONS GIVEN BY THE COURT

---

**DATED** this _3_ day of July, 2006.

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATED DISTRICT JUDGE

PRELIMINARY INSTRUCTIONS - 1

PRELIMINARY INSTRUCTION NO. 1.

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits which are received into evidence; and

3. Any facts to which all the lawyers stipulate.

# PRELIMINARY INSTRUCTION NO. 2.

This is a criminal case brought by the United States Government. The Government charges the Defendant, Steven Salii, with alien smuggling. The charge against the Defendant is contained in the Indictment. The Indictment is simply the description of the charge made by the Government against the Defendant; it is not evidence of anything.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime which the Government must prove to make its case:

First, that Yan Qiu was an alien;

Second, that Yan Qiu did not have prior official authorization to come to, enter or reside in the United States;

Third, the Defendant knew or was in reckless disregard of the fact that Yan Qiu did not have such official authorization;

Fourth, that the Defendant did unlawfully and knowingly bring Yan Qiu to the United States by bringing her to the Guam International Airport;

Fifth, that the Defendant did this for the purpose of commercial advantage or private financial gain; and

Sixth, that Defendant intended to violate the immigration laws.

These instructions are preliminary and the instructions I will give at the end of the case will control your deliberations. The Defendant has pled not guilty to the charge and is presumed innocent unless and until proven guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

PRELIMINARY INSTRUCTION NO. 3.

The following things are **not** evidence, and you must not consider them as evidence in deciding the facts of this case:

1. Statements and arguments of the attorneys;
2. Questions and objections of the attorneys;
3. Testimony that I instruct you to disregard; and
4. Anything you may have seen or heard when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

PRELIMINARY INSTRUCTION NO. 4.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose you must consider it only for that limited purpose and for no other.

PRELIMINARY INSTRUCTION NO. 5.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

While you are to consider only the evidence in the case, you are not limited to the literal statements of the witnesses. In making your decision you must consider all the evidence in light of reason, common sense and experience.

PRELIMINARY INSTRUCTION NO. 6.

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

PRELIMINARY INSTRUCTION NO. 7.

In deciding the facts of this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says or only part of it or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;
2. The witness' memory;
3. The witness' manner while testifying;
4. The witness' interest in the outcome of the case and any bias or prejudice;
5. Whether other evidence contradicted the witness' testimony;
6. The reasonableness of the witness' testimony in light of all the evidence; and
7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# PRELIMINARY INSTRUCTION NO. 8.

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## PRELIMINARY INSTRUCTION NO. 9.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult. I urge you to pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

PRELIMINARY INSTRUCTION NO. 10.

Languages other than English may be used during this trial.

The evidence you are to consider is only that provided through the official Court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the **same** evidence. Therefore, you must accept the English translation. You must disregard any different meaning.

PRELIMINARY INSTRUCTION NO. 11.

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Government will then present evidence and counsel for the Defendant may cross-examine. Then, the Defendant may present evidence and counsel for the Government may cross-examine.

After all the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make their closing arguments.

After that you will go to the jury room to deliberate on your verdict.