
FILED
DISTRICT COURT OF GUAM
JUL -6 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>               Plaintiff,<br>-vs-<br>STEVEN SALII,<br>               Defendant. | NO. CR-05-00048-2 |

### INSTRUCTIONS GIVEN BY THE COURT

**DATED** this 6 day of July, 2006.

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATED DISTRICT JUDGE

**ORIGINAL**

Index

Instruction
Number

### General

1. Duty of Jury/What is Evidence
2. Indictment/Not Guilty/Presumption of Innocence/Burden of Proof
3. On or About -- Explained
4. Reasonable Doubt

### Crime Charged

5. Alien Smuggling
6. Aid and Abet Elements to be Proven

### Definitions

7. Knowingly Defined

### Consideration of Evidence

8. Two Kinds of Evidence--Direct & Circumstantial
9. What is Not Evidence
10. Credibility of Witnesses
11. Defendant Not Testifying
12. Activities Not Charged
13. Testimony of Witness Under Special Circumstances
14. Opinion Evidence, Expert Testimony
15. Punishment is Not to Be Considered

### Deliberations

16. Conduct of Jurors
17. Duty to Deliberate, Return of Verdict
18. Communication with the Court

## INSTRUCTION NO. 1.

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done any suggestion as to what verdict you should return--that is a matter entirely up to you.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of any witness;
2. The exhibits which have been received into evidence; and
3. Any facts to which all the lawyers have stipulated.

INSTRUCTION NO. 2.

The charge against the Defendant is contained in the Indictment. The Indictment is not evidence. The Defendant has pleaded not guilty to the charge. The Defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The Government has the burden of proving every element of the charge beyond a reasonable doubt.

## INSTRUCTION NO. 3.

The Indictment charges the offense was committed "on or about" a certain date. It is not necessary that the proof establish with certainty the exact date of the alleged offense. It is sufficient if the evidence shows beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

INSTRUCTION NO. 4.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

# INSTRUCTION NO. 5.

The Defendant is charged in the Indictment with alien smuggling, in violation of the laws of the United States. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, that Yan Qiu was an alien;

Second, that Yan Qiu did not have prior official authorization to come to, enter or reside in the United States;

Third, the Defendant knew or was in reckless disregard of the fact that Yan Qiu did not have such official authorization;

Fourth, that the Defendant did unlawfully and knowingly bring Yan Qiu to the United States by bringing her to the Guam International Airport;

Fifth, that the Defendant did this for the purpose of commercial advantage or private financial gain; and

Sixth, that Defendant intended to violate the immigration laws.

An alien is a person who is not a natural-born or naturalized citizen or national of the United States. An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer.

## INSTRUCTION NO. 6.

A defendant may be found guilty of alien smuggling, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove the Defendant guilty of aiding and abetting, the Government must prove beyond a reasonable doubt:

<u>First:</u> The crime of alien smuggling was committed by someone;

<u>Second:</u> The Defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime of alien smuggling; and

<u>Third:</u> The Defendant acted before the crime was completed.

It is not enough that the Defendant was merely associated with the person committing the crime or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit alien smuggling.

The Government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

## INSTRUCTION NO. 7.

An act is done "knowingly" if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

## INSTRUCTION NO. 8.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

While you are to consider only the evidence in the case, you are not limited to the literal statements of the witnesses. In making your decision you must consider all the evidence in light of reason, common sense and experience.

# INSTRUCTION NO. 9.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or by the Court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 10.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;
2. The witness' memory;
3. The witness' manner while testifying;
4. The witness' interest in the outcome of the case and any bias or prejudice;
5. Whether other evidence contradicted the witness' testimony;
6. The reasonableness of the witness' testimony in light of all the evidence; and
7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# INSTRUCTION NO. 11.

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the Defendant did not testify.

## INSTRUCTION NO. 12.

The Defendant is on trial only for the crime charged in the Indictment, not for any other activities.

## INSTRUCTION NO. 13.

You have heard testimony from Dan Zhu, a witness, who received benefits from the Government in connection with this case. She admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. She also pleaded guilty to a crime arising out of the same events for which the Defendant is on trial. This guilty plea is not evidence against the Defendant and you may consider it only in determining this witness' believability.

For these reasons in evaluating Dan Zhu's testimony, you should consider the extent to which or whether Dan Zhu's testimony may have been influenced by any of these factors. In addition, you should examine Dan Zhu's testimony with greater caution than that of other witnesses.

INSTRUCTION NO. 14.

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 15.

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the Government has proved its case against the Defendant beyond a reasonable doubt.

# INSTRUCTION NO. 16.

The attitude and conduct of jurors at the outset of their deliberations is of considerable importance. It is rarely productive for a juror, upon entering the jury room, to make an emphatic expression of his or her opinion about the case or to announce that he or she is determined to vote for one or the other of the parties to this lawsuit. When a juror does that at the outset, the juror's sense of pride may be aroused, and he or she may hesitate to change or recede from an announced position even if shown that it is wrong.

INSTRUCTION NO. 17.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the bailiff outside your door that you are ready to return to the courtroom.

INSTRUCTION NO. 18.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror, or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, on the question of the guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.